NEW-YORK,
May, 1833.

Huntington
v.
Brinckerhoff.

---

HUNTINGTON, administrator, &c. *vs.* BRINCKERHOFF.

In suits not affected by the provisions of the revised statutes, relative to the limitation of actions and the bringing of new suits by executors and administrators, where suits abate by the death of the plaintiffs before judgment, an executor or administrator may bring a new suit, although at the death of the testator or intestate the *statute of limitations has attached,* in case that the suit which has abated was brought *before* the time limited for bringing the action had expired, and that the new suit be commenced within a *reasonable time.*

Such reasonable time is generally *one year* after the death of the testator or intestate, unless there be special causes to be shewn to and approved by the court.

Under the *revised statutes,* in cases of this kind, *it seems,* if the time limited has not expired within the year after such death, the new action may be brought at any time before the expiration of the time limited by statute for the bringing of the action, although after the year.

A *replication* shewing the commencement of a new action *after two years,* subsequent to the abatement of the first suit, is bad.

A plea of *actio non accrevit,* and that the *new action was not commenced within one year* after the abatement of the first, is bad.

STATUTE of limitations. The plaintiff declared in *assumpsit* for monies had and received, paid, laid out and expended, lent and advanced, and on an account stated, laying the day in each count on 1st January, 1828, *in the life-time of the intestate*, and stating the promises to the intestate. The defendant pleaded, 1. *Non assumpsit ;* 2. That the several causes of action in the declaration mentioned *did not accrue to Peter Thalhimer*, the intestate, *within six years before the commencement of the suit of the plaintiff*, and that the suit of the plaintiff was *not commenced within one year after the death* of Thalhimer, and this, &c. wherefore, &c. ; 3. That the several causes of action *did not accrue to Huntington, the administrator*, within six years before the commencement of his suit, and that such suit was not commenced within one year after the death of Thalhimer, and this, &c. ; 4. That the several causes of action did *not accrue to Thalhimer within six years next before his death*, and this, &c. To the *second* and *third* pleas the plaintiff *demurred*, assigning as special cause that each plea was *double*, tendering separate and distinct issues; and to the *fourth* plea, *replied*, that on the 5th November, 1819, Thalhimer, the intestate, commenced a suit in this court against the defendant by bill, for the same causes of action now prosecuted by the plaintiff in this cause ; and that the said suit was commenced within six years after the accruing of the said causes of action ; that the defendant pleaded to the bill so filed, and that the suit remained pending in this court until the 18th October, 1828, on which day Thalhimer died ; on the 17th November, 1829, administration of the goods, &c. of Thalhimer was granted to the plaintiff in this cause by the surrogate of Saratoga, and that on 14th July, 1830, the plaintiff filed a declaration in the office of one of the clerks of this court, and entered a rule to plead, and on the 27th October, 1830, served a copy of such declaration on the defendant, concluding with an averment of the identity of the parties and causes of action, and that the said *causes of action accrued to Thalhimer within six years next before the day of the filing of the bill by Thalhimer* against the defendant, and this, &c. The defendant put in a *joinder* to the demurrers of the plaintiff, and *demurred to the plaintiff's replication* to the fourth plea, in which the plaintiff joined.

*S. Stevens,* for the plaintiff. The second and third pleas are bad for *duplicity;* for, admitting that the administrator has a right to bring a suit after the six years have run, the defendant has no right to anticipate matter to be set up by way of replication; he might as well plead the statute of limitations and deny the making of a new promise. The only plea the defendant could put in was *actio non accrevit,* leaving to the plaintiff to reply such matter as he might be advised, to do away the effect of the plea. 1 *Chitty's Pl.* 554. 2 *id.* 608. 2 *Saund.* 64, *n.* But the plea is bad in *substance* also; the defendant assumes that the action of the *administrator* must be commenced within *one year* after the death of the *intestate.* Such is not the law. At common law, within the equity of the *fourth* section of the statute, 21 *Jac.* 1, *ch.* 16, an administrator may bring a new action where his intestate before the expiration of six years brought suit and died before judgment, although the six years had then expired, and the only condition attached to such right is, that the suit shall be brought within a *reasonable time,* to be adjudged by the court. 2 *Saund.* 63, *n. h.* 2 *Saund. on Pl. and Ev.* 646. *Buller's N. P.* 150. *Wheat. Selw.* 129, *n.* 94. The defendant not shewing why the suit should be brought within the year, the plea is bad. The replication is good, because it shews the suit brought by the administrator within a *reasonable time* after the death of the intestate. The statute of limitations is a defence not favored by the courts. Even according to the rule established by the revised statutes, this replication ought to be sustained. By those statutes it is enacted, that if an action abate by the death of a plaintiff, his representatives may *within one year* after such death commence a new action, 2 *R. S.* 299, § 35; and by a subsequent provision the time which elapses between the death of a person and the granting of administration not exceeding six months, and the period of six months after the grant of administration, shall not be deemed any part of the time limited for the commencement of actions, 2 *R. S.* 448, § 9; so that in fact the administrator has *two years* instead of one to bring his suit; and if so, by a liberal construction of the statute, this replication should be held good.

*Morris,* for defendant. The defence presented by the second and third pleas is the *statute of limitations.* Now, although in ordinary cases the plea of *actio non accrevit* alone would be a good bar, it is not so where the suit is by an administrator, unless the plaintiff has failed to bring his suit within one year, the time limited by the statute when the suit of the intestate has abated by the death of the intestate. If this be so, the defendant had a right to spread as many facts upon his plea as would be necessary to present his defence; and although the facts are several and distinct, if they present but *one point,* the plea is not demurrable for duplicity. Whether it is bad in substance or not, depends upon the construction to be given to the statute; if the administrator must bring his action within one year after the death of the intestate, and so I read the statute, the plea is good; if the construction on the other side prevails, it is bad; but with all respect, it is insisted that the suit must be brought within one year, and consequently it follows not only that the pleas demurred to are good, but that the replication must be condemned, for it shews that the present action was not commenced until more than two years had elapsed after the death of the intestate.

*By the Court,* NELSON, J. The pleadings in this cause seem to have been framed in reference to the provisions of the *revised statutes* in relation to the statute of limitations, and the abatement of suits by the death of plaintiffs, 2 *R. S.* 296, § 26; 299, § 35; 448, § 9; but these provisions can have no influence on this case, and we must decide the questions arising upon the pleadings according to the law as it existed previous to those statutes going into effect. 2 *R. S.* 300, § 45.

Previous to the enactment above referred to, 2 *R. S.* 299, § 35, there was no statute in this state giving to the executor or administrator any period of time beyond that allowed to the testator or intestate, within which to bring a new action after an abatement by the death of such testator or intestate. The *revised laws,* 1 *R. L.* 186, § 5, after limiting certain actions to be brought within given periods, contain a provision that if in

any of the actions specified, judgment shall be given for the plaintiff and the same be *reversed for error*, or if after a verdict for the plaintiff the *judgment shall be arrested*, or if in a suit by original, *defendant be outlawed* and such outlawry *afterwards reversed*, the plaintiff, his heirs, *executors* or *administrators*, as the case shall require, may commence a new action from time to time *within one year* next after such judgment be *reversed, arrested* or outlawry *reversed*, and not after. The whole of this section was taken from 21 *Jac.* 1, *ch.* 16, and the decisions under it in England are applicable here. It is settled there by numerous cases, that where a suit has been brought within six years or any other period of limitation, and pending it the plaintiff die, whereby it abates, though the six years have elapsed, the executor or administrator may bring a fresh suit within the equity of the above proviso. 2 *Saund.* 63, *n. h.* 1 *Selw. N. P.* 113, *n.* 94. *Bac. Abr. tit. Lim.* 480. 2 *Salk.* 425. 2 *Str.* 907. 3 *Caines,* 197. 2 *Archb. Pr.* 145. *Willes,* 257, *note.* It would seem from the paragraph in Buller's N. P. that this equitable construction is only applicable where the plaintiff died before the expiration of the six years; but this is undoubtedly an error, as will appear from the authorities above cited. Three of the judges in *Jackson* v. *Horton,* 2 *Caines,* 197, fell into the same error, the point not being material and their attention not particularly turned to it. *Ch. J. Kent, p.* 205, however, states the law with accuracy. There is no established rule fixing the period of time within which the executor or administrator must bring the suit after the death of the testator or intestate; there being considerable conflict of opinion in the cases both as to the length of time and principles upon which it should be determined. The better opinion is, that where the six years have run at the death of the plaintiff, the suit should be commenced by the executor or administrator within a year, in analogy to the statute whence the rule is derived. This is the longest time that would be sanctioned by the court, unless special reasons were shewn to them by pleadings and proofs; and even then, whether the time could be extended in this way, is a point not very clear, but which, however, it is not now necessary to determine. The revised statutes will hereafter regulate it. A

question may arise under *them*, within what time the suit should be commenced by the executor, depending upon the time of the death of the plaintiff. Mr. *Archbold*, 2 *vol. p.* 145, says: " If the time limited by the statute have not expired before the death of the testator or intestate, the executor or administrator may bring the action at any time within a year after the death ; or if the time limited have not expired within the year after the death, at any time before the expiration of such limited time." This is good sense and I think good law, otherwise a case might happen where the executor or administrator would be obliged to bring the suit before the expiration of the time fixing the limitation of the action. Testing the replication by the above principles it is clearly defective. It shews the suit by the intestate to have been commenced the 5th November, 1819, that he died pending it the 18th October, 1828, that on the 17th November, 1829, letters of administration were granted to the plaintiff, and this suit commenced on the 27th October, 1830. The declaration was filed and rule to plead entered on the 14th July, 1830, but we cannot consider the suit commenced till the declaration was served upon the defendant; 2 *R. S.* 299, § 38, *sub.* 1 ; and independently of this provision such would have been the necessary construction ; *p.* 347, § 1, *sub.* 3. The six years then had elapsed before the death of the intestate, and this suit was not commenced within *two years* thereafter. The replication is therefore bad in substance.

There is considerable force in the argument used to maintain the form and substance of the second and third pleas ; and upon general principles, they would seem to be unobjectionable. They are drawn upon the idea, that it is essential, not only to plead in bar the general limitation of these actions, but to include therein the year given to the plaintiff, under the equitable construction of the proviso, after the death of the intestate, and which is now expressly given by the 2 *R. S.* 299, § 35 ; or in other words, as the general act limits the action to six years, and one year is given to the executor or administrator in addition, it is necessary to plead *actio non accrevit* within the whole period before commencement of suit,

NEW-YORK, May, 1833.

Huntington v. Brinckerhoff.

to constitute a perfect bar. But it appears to be well settled, that the exceptions or proviso to the act of 21 *Jac.* have not varied the form of the pleading from the cases not within the statute ; and that the plaintiff must avail himself of the exceptions in the proviso, when necessary to sustain his action, by way of replication, and so are all the precedents which I have examined. 2 *Saund.* 64, *n.* 63, *b.* 2 *Chitty,* 607, 8. 1 *Went.* 257. 3 *id.* 203, 4, 5. 1 *Chitty,* 555. 3 *Went. index,* 20, 21.. The second and third pleas, therefore, are defective in form, if not in substance. Under the revised statutes, the principle upon which these pleas are professed to be drawn, could not be maintained, if the forms which have been long in use, and which should not be lightly departed from, were not in the way, as by 2 *vol. p.* 448, § 9, an executor or administrator has six months or more, not exceeding one year, in addition to the one given, *p.* 299, § 35, within which to bring the action. The time therefore, after the death of a plaintiff, within which the executor or administrator may bring the suit, must in a degree depend upon the circumstances of each particular case, to be shewn by replication, when the statute is pleaded.

The plaintiff is entitled to judgment on his demurrer to the second and third pleas, and the defendant to judgment on his demurrer to the plaintiff's replication ; and leave is granted to the respective parties to amend their pleadings.