ALBANY,
Jan. 1835.

Wenman
v.
Mohawk Ins.
Company.

---

## WENMAN *vs.* THE MOHAWK INSURANCE COMPANY.

The *statute of limitations* is no bar to a suit against an executor or administrator in an action of assumpsit, although the suit be not brought until *after the lapse of six years* from the time of the promise, *provided* it be commenced within *eighteen months* after the death of the testator or intestate.

The statute begins to run against a note *payable on demand* from the day of its date ; but not so as to a note payable at a given day *after demand ;* in the latter case it commences running only from the time of the demand.

The giving of a note to secure the payment of *interest* accrued on a note previously given, is a sufficient acknowledgment of the existence of a debt, to take the case out of the operation of the statute.

ERROR from the superior court of the city of New-York. The Mohawk Insurance Company declared against Wenman as the *administrator* of Thomas Carter, deceased, on two promissory notes, given by Carter, bearing date, one on the 1st August, 1825, for $3318, and the other on the 19th September, 1825, for $1300 ; both payable on demand, with interest. The suit was commenced on the 26th September, 1833. The defendant pleaded *non-assumpsit*, with notice that the *statute of limitations* would be insisted upon in the defence. It was proved that Carter made the notes declared on, and that on the 4th September, 1826, he gave his note, with an endorser, to the plaintiffs, for $205,42, to secure the

payment of the *interest* which had accrued on the two notes declared on. Carter died on the 10th July, 1832, and administration upon his estate was granted to Wenman on the 5th October following. The defendant proved *that at the time* of the giving of the notes, Carter hypothecated 300 shares of the stock in the company of the plaintiffs, as security for the payment of the notes, the par value of which was $50 per share. The court charged the jury that the plaintiff's right to recover was *not barred* by the statute of limitations, nor by the hypothecation of the stock. The jury found a verdict for the plaintiffs, for the amount of the notes declared on, and judgment was entered thereon. The defendant having excepted to the charge of the court, sued out a writ of error.

*J. Anthon,* for plaintiff in error.

*F. B. Cutting,* for defendants in error.

*By the Court,* NELSON, J. The statute begun to run at the date of the notes, they being then due and collectable by suit. *Chitty on Bills,* 374. *Bull. N. P.* 151. The demand is not parcel of the contract, but is used to show that the debt is due. There are cases where the note is payable at a certain time, as, one month *after demand,* in which it has been decided that the statute does not run until the time has elapsed *after demand made;* but in such cases it is obvious, from the terms of the contract, an *actual demand* was contemplated by the parties before the note should become due. The giving of the note for the *interest* due upon the demands in question was an acknowledgement of the debts, sufficient to raise a promise to pay, and to take the notes out of the operation of the statute. 17 *Johns. R.* 182. 2 *Campb.* 321. The six years, then, elapsed 4th September, 1832, and the suit was commenced 26th September, 1833, one year and twenty-two days after the statute attached. The first ground relied on by the plaintiffs below to take the case out of the operation of the statute is, that on the death of Carter, on the 10th July, 1832, the running of the statute ceased until administration was granted, on the 5th October, 1832, and that then the administrator

had one year within which to pay the debt. Neither of the positions, I apprehend, in the above proposition, can be maintained. When the statute begins to run, it is a general rule that no subsequent disability stops it; and we do not find that the death of a party is an exception. 4 *Bacon's Abr. tit. Limitations, E.* 5 *note. Willes,* 27. There are cases where the cause of action accrued *after* the death of the testator or intestate, in which it has been repeatedly held, that the statute did not begin to run until probate, or letters of administration; and this for the plain reason that the cause of action, which must exist before the statute can run, is not complete until there exists a party to sue and be sued. 7 *Com. Law R.* 66. 15 *id.* 113. We apprehend also that the equity of the proviso of 21 *Jac.* 1, *ch.* 16, § 4, has never been extended to a suit by or against executors or administrators, except where a form suit has abated by the death of a party. 2 *Saund.* 636. *r.* 6. *Willes,* 257. *n.* 10 *Wendell,* 282. *Balantine,* 166, 7. *Ld. Raym.* 434. The terms of the proviso would certainly afford no analogy for such a suit, after the statute bar, unless it occurred *pendente lite;* and I have seen no case where the principle has been otherwise applied. It is not necessary, however, that we should definitively dispose of these questions, or place the decision upon this view of the case, because the second ground, we think, is beyond all question.

The revised statutes, 2 *R. S.* 448, § 8, provide that the term of 18 months, after the death of any testator or intestate, shall not be deemed any part of the time limited by law for the commencement of actions against executors or administrators. It is urged, by the counsel for the plaintiff in error, that this section has reference to the 34th section, page 298, which provides for a fresh suit within one year, against heirs, executors and administrators, where the defendant dies *pendente lite;* the effect of which construction would be to give to a plaintiff in such cases two years and six months, after letters testamentary or of administration granted, within which to bring a suit. It is certainly very difficult, according to this view of the statutes, to comprehend the importance of section 8, page 448, or to discover any reason why the legislature did

not accomplish the object at once, by enlarging the year in section 34 to two and an half years. The result would have been the same. The two sections, however, are consistent, and aim at different objects ; that of the 34th was to save the rights of a party who had commenced his suit in time, but the limitation had expired when the suit abated by the death of his adversary. Were it not for this act, or the equitable construction of the proviso to 21 *Jac.*, of which it is a re-enactment, the debt would have been barred, and the plaintiff remediless. *Balantine on Lim.* 166, 7. The object of the 8th section was to give to a creditor, upon the death of a debtor from whom a valid and subsisting debt was due at the time of his death, 18 months within which to bring his suit. If the debt was barred at his death, this section would not revive it, or sustain a suit against his representatives. Such a case falls within the protection of the 34th section, and then only when a suit has been commenced before his death. An executor or administrator, after the expiration of 18 months from the time of his appointment, may be required to render an account of his proceedings, &c. ; and he may, after the expiration of the same time, voluntarily render a final account, and compel attendance of all persons interested. 2 *R. S.* 92, § 52. *id.* 95, § 70. Suits against executors and administrators are greatly discouraged by numerous provisions in the revised statutes, as may be seen by reference to various sections. 2 *R. S.* 88, § 31 *to* 41, *inclusive.* 9 *Wendell*, 452. No execution can issue upon a judgment against an executor or administrator, until an account of his administration shall have been rendered and settled, unless by order of the surrogate, § 32 ; and no costs can be recovered against executors or administrators, except in particular cases, § 41. Such being the discouraging and fruitless effect of suits in all cases against them, it was just that a delay of 18 months, which time they have to settle the estate, should not operate to bar the rights of creditors by lapse of time, and for this reason § 8 was passed. It is a part of the system established for the regulation of the powers and duties of surrogates, and of executors and administrators in the settlement of estates of deceased persons, and went into operation on the 1st January,

1830.   We perceive no reason for interfering with the opera-
tion of this section, nor is there any clause restraining it. ⏜⏜
The estate of the deceased must be administered according to
these statutes.

The stock was received by the plaintiffs as collateral security, and there is nothing in the case changing the character of the transaction from that given to it by the contract of the parties.

Judgment affirmed.