## HOWELL & STRONG *vs*. BABCOCK'S EXECUTOR.

Where a testator is indebted and dies within six years after the accruing of a cause of action against him, and within eighteen months after his death a suit be brought against his executor who pleads the *statute of limitations*, the proper course for the plaintiff is, to reply *that the cause of action did accrue within six years*, and not to plead the facts specially that the cause of action accrued within six years *before* the death of the testator, and that the suit was com- menced within eighteen months after that period. On such general replication, in the compu- tation of time the eighteen months are excluded.

So in an action *by* an *executor* or *administrator*, where twelve months have elapsed since the death of the testator or intestate, and the statute of limitations is pleaded, *it seems* that it is not necessary for the plaintiff to reply *specially* the time allowed by law for the bringing of the suit, but may reply generally.

DEMURRER to replication. The plaintiffs declared in assumpsit for that the testator was indebted to them for work, labor and services bestowed by them as attorneys and counsellors in and about his business. The defendant pleaded *actio non accrevit infra*, &c. The plaintiffs *replied* that the causes of action in the declaration mentioned accrued to them within six years next before the death of the testator, and that the action was commenced within eighteen months next after his death, concluding with a verification and prayer of judgment. The defendant *demurred*, assigning as special causes of demurrer the following : 1. That the replication is double in offering in

issue two distinct matters, viz. the truth of the allegation in respect to the *six years* and the *eighteen months* ; 2. That it does not traverse or deny the allegation in the plea that the suit was not commenced within six years, &c.; and 3. That it concludes with a *verification*, instead of concluding to the country.

"*D. B. Prosser*, for the defendant.                    [ *489 ]

*Z. A. Leland*, for the plaintiffs.

*By the Court*, COWEN, J. This demurrer raises the question on the form of pleading and replying to a plea of the statute of limitations, where the party indebted dies within six years after the cause of action against him accrues, and the action is brought within eighteen months after his death. The 2 *R. S.* 224, 2*d.* ed., § 18, adopts the old law, and requires the ordinary plea in all cases. But *id.* 365, § 8, provides that the term of eighteen months after the death of any testator or intestate, *shall not be deemed any part of the time limited by law*, for the commencement of actions against executors or administrators.

On reflection, we do not think the latter section was intended to alter the form of pleading. Where the time intermediate the cause of action accrued and the commencement of the suit, therefore, is seven years and six months, or more, the defendant should plead, as he has done in this instance, the common plea. *Vid. Huntington* v. *Brinckerhoff*, 10 *Wendell*, 278, 283, 4. And if the plaintiff mean to contest the time, he should reply that the cause of action did accrue within the six years. The statute then comes in and directs the mode of computation. It declares that the eighteen months shall not be deemed a part of the six years pleaded; in other words, the six years are not complete, in the special case, unless the whole time be seven years and a half. The statute is one of evidence or computation. It is not like the statute creating an exception in case of infancy or coverture, &c. These exceptions, it is admitted, must be replied, as was done in *Chandler* v. *Vilett*, 2 *Saund.* 117, *c.* 120. A direct issue on the time, keeping the disability out of view, would admit evidence of time only. The disability, or cause of exception, could not appear upon the record without being specially replied. So where the defendant is beyond sea. *Vid.* 10 *Wendell*, 284. But in an action against an executor or administrator, a possible case for the statute appears on the face of the declaration. The "bar is still one of six years, but it is that time exclusive of the    [ *490 ] eighteen months. This shall not, says the statute, be deemed a part of the time limited. You must, to satisfy your plea in such a case, make out six years intermediate the day when the cause of action accrued,

and the day when the suit was commenced, beside the eighteen months running immediately after the death of the debtor. That is the time intended by the words of the plea, six years, &c. in such a particular case.

A similar phraseology is introduced into the 9th section. 2 *R. S.* 366, 2*d ed.* This provides that in actions *by* executors or administrators, a certain time not exceeding twelve months from the death shall not be deemed any part of the time limited by any law for the commencement of actions. In other words, the time shall be the same, viz. six years; but this shall be reckoned exclusively of certain time which the legislature thought ought not to be counted. The plea is to be read, in effect, as if it said six years, &c. exclusive of such and such time. It is as if the statute had said such a plea shall be so read or construed. A special replication was spoken of in *Huntington* v. *Brinckerhoff*, as proper under § 9, upon the analogy to the practice of replying disability. *Vid.* 10 *Wendell*, 284. The point was not before the court. I have already endeavored to show that the analogy is incomplete. While a general and direct issue seems to be admissible on principle, and conformable to the peculiar language of the revised statutes, it is more desirable on account of its simplicity.

If the views which I have taken be correct, it follows that the replication is, in the case at bar, defective for the second and third causes assigned by the special demurrer. It should have taken the usual simple issue to the country, viz. that the cause of action did accrue within six years, &c.

Judgment for the defendant.