## SUPREME COURT.

WILLIAM R. SCOVIL agt. LYDIA SCOVIL and BYRON SCOVIL, administrators, &c., of JOHN R. SCOVIL, deceased.

The *statute of limitations* commences to run against a promissory note payable *on demand,* immediately from the *date of the note.* But the statute does not commence to run against a note payable on demand, *with interest,* or *with interest annually,* until *actual demand made.* Per BACON, J.

The Revised Statutes (§ 8, *Art.* 1, *Tit.* 3, *chap.* 6 *Part* 3) provide that the term of *eighteen months* after the death of any testator or intestate, shall not be deemed any part of the time limited by law for the commencement of an action against his executors or administrators. This provision remains in *full force and effect,* notwithstanding section 102 of the Code, which provides that if any person against whom an action may be brought shall die before the expiration of the time limited for the commencement thereof, and the cause of action survive, it may be brought against his personal representatives after that time *and within one year* after the granting of letters testamentary or of administration.

Therefore, an action upon a promissory note brought *more than a year* after issuing letters of administration, but within six years after the note became due by excluding *eighteen months* after the death of the intestate in the computation of the time, is not barred by the statute of limitations.

*Fifth District, Syracuse General Term, October,* 1865.

*Before* MORGAN, MULLIN *and* BACON, *Justices.*

MOTION for judgment on special verdict. This action was brought on for trial upon the issue joined therein, at

a circuit court held in Lewis county, April 21, 1865, before Hon. LeRoy Morgan, Justice, and a jury. And the jurors of the jury being duly sworn, say upon their oaths, that John R. Scovil departed this life at West Turin, Lewis county, New York, January 22d, 1862, intestate; that letters of administration of the goods, chattels and credits of said deceased were duly issued to the defendants by the surrogate of said county, June 2, 1862, and they accepted and are still acting in discharge of such trust; that said intestate on the 22d of April, 1857, executed and delivered to plaintiff the note referred to in the second count of the complaint, of which the following is a copy, to wit:

"On demand, for value received, I promise to pay William R. Scovil or order, twenty-five hundred dollars, with annual interest. West Turin, April 22, 1857.

"John R. Scovil."

That the amount due thereon is $3,899.51, and that this action was commenced by summons, which was delivered to the sheriff of the proper county for service, on the 25th day of April, 1864, and duly served April 27, 1864.

But whether or not upon the whole matter aforesaid the plaintiff or defendant is entitled to a verdict, the jurors aforesaid are altogether ignorant, and therefore pray the advice of the said supreme court, at a general term thereof, as provided by law. And if upon the whole matter aforesaid, it shall seem to the court that the plaintiff is entitled to recover, then in that case, they assess the damages of said plaintiff, by reason of the matters aforesaid, at three thousand eight hundred and ninety-nine dollars and fifty-one cents ($3,899.51). But if upon the whole matter aforesaid, it shall seem to the court that the said plaintiff is not entitled to recover, then the jurors aforesaid, upon their oath aforesaid, say that the defendants are not liable to pay the demand made upon them by the complaint in

this action, and they find a verdict in favor of the defendants.

The pleadings are annexed hereto, as forming a part of the special verdict, and the issues therein referred to.

MUSCOTT & FORBES, Respond'ts Att'ys.
C. D. ADAMS, Attorney for Def'ts.

At a special term of the supreme court, held at the court house in Lowville, in and for the county of Lewis, on the 9th day of May, 1865. Present: Hon. J. MULLIN, Justice.

WILLIAM R. SCOVIL
agt.
LYDIA SCOVIL and BYRON SCOVIL, Administrators, &c., of JOHN R. SCOVIL, deceased.

This action being brought on to hearing, on a motion on behalf of plaintiff for judgment herein, upon special verdict, found by the jury at the trial of this action at circuit court holden in said county on the 21st day of April, 1865, and the pleadings in said action, and on hearing Mr. Levi H. Brown, of counsel for plaintiff, and C. D. Adams, Esq., of counsel for defendants, insisting that judgment should be given for defendants, it is ordered that judgment be entered herein in favor of the plaintiff, William R. Scovil, upon said verdict, for the amount of $3,899.51 therein specified, with interest thereon from April 21, 1865, against the defendants as administrators, &c., as prayed for in the complaint, and to be collected of the property in their hands as administrators, &c., of John R. Scovil, deceased, and out of the property belonging to the estate of said deceased. (A copy.)                              J. MULLIN.

CHAS. E. MITCHELL, Deputy Clerk.

## SUPREME COURT.

WILLIAM R. SCOVIL
agt.
LYDIA SCOVIL and BYRON SCO-
VIL, as Administrators, &c.,
of JOHN R. SCOVIL, deceased.

*Notice of appeal from an order.*

Please to take notice that the defendants in the above entitled action appeal from an order made therein on the 9th day of May, 1865, ordering judgment for the plaintiff on the special verdict rendered in this action, to the general term of this court.  Yours, &c.

C. D. ADAMS, Attorney for Def'ts.

To MUSCOTT & FORBES, Esqs., attorneys for plaintiff, and D. A. STEWART, Esq., clerk of the county of Lewis.

C. D. ADAMS, *for defendants, appellants.*

Action on note dated April 22, 1857, for $2,500, payable on demand with interest.  Defence, statute of limitations. The defendants were first aware of the existence of the paper after the· death of John R. Scovil.  The defence is meritorious (30 *Barb.* 110-19).  April 22, 1857, the note purports to have been given.  January 22, 1862 (four years and nine months after), J. R. Scovil died.  June 2, 1862, defendants took out letters of administration.  April 25, 1864, this suit was commenced.  When this suit was commenced the note had run seven years and three days, and letters of administration had been granted one year ten months and twenty-three days.

I. The defendants should have judgment on the special verdict.

1. The statute runs from the date of the note.  (3 *Abb. Dig. p.* 728, No. 182, *citing*; *Chitty on Bills,* 374; *Bull. N. P.* 151; 13 *Wend.* 267, *like the case at bar.*)  The general principle of all the cases is, that the statute begins to run

from the time the plaintiff *might have sued*, and such is the statute (*Code*, §§ 74, 91).

2. By section 102 of the Code, the action was barred by lapse of time. Plaintiff did not begin his suit after the expiration of six years, and within one year after letters were issued to defendants.

3. The 102d section of the Code contains the existing rule. It has superceded the eighteen months provision of the Revised Statutes. The 73d section of the Code, in express terms repeals the chapter of the Revised Statutes, " of actions and the times of commencing them," and declares title 2 of the Code is substituted in its place. In the chapter (3 *R. S. chap.* 4, *title* 2, *art.* 2, § 26, *p.* 297, *original paging*) " of actions and the time of commencing them," is a provision that if a person die before the six years, and the cause of action survives, his executors, &c., may after the expiration of the six years, and within one year after the death, sue, and not after that period. There is a similar provision in 3 Revised Statutes, chapter 8, title 3, article 1, section 9, page 448, original paging, " of suits by and against executors and administrators, &c." Both of these provisions are carried into section 102 of the Code, in the first period. Section 8, page 448, in same chapter, is the eighteen months provision which relates to the suing of executors and administrators. This provision is revised by the last period of section 102 of the Code. It was evidently the intention of the legislature to revise, and it did revise the subject of limitation of actions, by title 2 of the Code, and of actions brought by and against executors and administrators, by section 102 of that title. By the revision of the law on the subject, all former provisions are repealed, whether expressly stated or not. In *Smith's Com.* (*p.* 904, §§ 786, 787), it is said : If a revising statute embrace all the provisions of antecedent law on the same subject, and reduce them to one system, such revising statue repeals the statutes revised, without any

express provision to that effect. In *Sedgwick on Stat. and Cons. Law* (*p.* 126), it is laid down, a statute is impliedly repealed by a subsequent one revising the whole subject matter. To the same principle substantially are 5 *Hill*, 221; 16 *Barb.* 15.

If the eighteen months provision of the Revised Statutes, and section 102 of the Code are both claimed to stand, then we have two different rules on the same subject inconsistent with each other. By the Revised Statutes, if the suit is not commenced within the eighteen months after the death, the statute attaches. The creditor must, therefore, see that letters are issued within that time. By section 102 of the Code, the creditor has no care of seeing that letters issue. He can sue within one year after they are issued, if there is a delay of fifty years in taking them out by the next of kin. The last rule must be the existing rule.

II. The answer is sufficient to present the defence of the statute of limitations. The 102d section of the Code, like section 8, 2 Revised Statutes, 448, is a statute " of evidence or computation." (24 *Wend.* 488 ; 1 *Den.* 151.) But if the answer was defective, it is too late to raise the question after verdict. It will be deemed to have been amended to conform to the facts, proved, or the court if necessary will order it to be amended *nunc pro tunc*. (*Code*, §§ 169, 170 ; 36 *Barb.* 29, *and cases cited*; 1 *Kern.* 237; 1 *Abb. Dig. p.* 105, *No.* 385, *citing many cases more*.)

At this stage of the case the court can only look into the special verdict, and give judgment upon the facts found by it. The legal consequences which flow from these facts is all the court has to decide (*Code*, § 260).

Levi H. Brown, *for plaintiff and respondent.*

The facts appear in the special verdict. The only defence interposed to the action by answer, was the six

years statute of limitations.   The note on which the action was brough had run only four years and nine months at death of intestate, and by its terms was *payable on demand, with annual interest.*  At commencement of suit seven years and three days had elapsed after the making of the note, and one year ten months and twenty-three days after granting of letters of administration,* and if eighteen months after the death of intestate is not to be counted as a part of the time limited by law for commencement of the action, plaintiff had five months more less three days, in which he might have commenced the action ; that is, to make seven a half years from the making of the note.

I.  The statute of limitation did not commence running against this note until the commencement of this action, no other demand of payment having been proved on the trial.   See *Merritt* agt. *Todd* (23 *N. Y. R.* 28), which was on a note on demand, and on interest, *but not annual interest*, and that was held a continuing security, so that the indorser was held by demand and protest more than three and a half years after making of the note, and that although the maker in the meantime had become insolvent.   Such decision is based on the fact that the parties by use of the words *on interest*, indicated their intention and agreement that the note was not to be due immediately for any purpose, but at some future time, the same as if it read payable on interest *on call*.   It is also held that if the note was on demand and not on interest, it would be due immediately, like a check or sight draft.   (See *the opinion of* COMSTOCK, *J. at pages* 33-4-5, *and cases cited*.)   2 *Hall's S. C. R.* 429, *near bottom of page* 431, the court says, that the note being on interest, was evidence that it was not to be demanded at the usual time, that is immediately, and indorsers held, though no demand till near two years after date of the note.   3 *Hill*, 582, on note to bearer on demand, with interest, held that without the words *with interest*, it would be presumed to have been demanded and dishonored

before its transfer to plaintiff, which was four or five weeks after its date, but with those words the presumption is directly contrary ; that the use of those words evince an intention of the parties, an agreement that it should not run for a few weeks only, but for some customary time in the usual course of business of computing interest, as a quarter year, half year or year, &c., and held it not due, so as to let in a defence of the want of consideration. 42 *Barb.* 50, it is held on strength of above cited, 23 *N. Y.* that a note payable on demand, with interest, is not due till actually demanded, and such note having been transferred three months after date, a defence in favor of maker against the payee was excluded for that reason. *Payne* agt. *Slate, et al.* (39 *Barb.* 634), was a case in point, where the same force is given to the words at *six per cent interest.* See bottom page 638 to 642, where is cited and commented upon the various cases, including 13 *Wend.* 267, relied on by defendants here, and *Sweet* agt. *Irish,* 36 *Barb.* 467 ; *Merritt* agt. *Todd,* 23 *N. Y. ; Howland* agt. *Edmonds,* 23 *How. Pr.* 152 ; *Downer* agt. *Phœnix Bank of Charlestown,* 6 *Hill,* 297.

In all these cases the competency of the parties thus to manifest an intention to contract for payment at any future but undefined time is conceded, and each declares that effect must be given to such intention and agreement when so manifested, by use of the words *with interest,* and the like. In the above cases of *Payne* agt. *Slate,* and of *Sweet* agt. *Irish,* in which the words " without interest," the time being on call, were construed with similar effect, it is held such demand is not due so as to be barred by the statute of limitations, until an actual demand. In *Howland* agt. *Edmonds, above cited, page* 154 *to* 157, it is stated to be well settled that notes payable in money on demand, or on call simply, may be prosecuted immediately, and the bringing the suit is a demand, and the only American authority referred to on that point is *Wenman* agt. *The*

*Mohawk Ins. Co.* (13 *Wend.* 267), and then DENIO, J., pro-
ceeds to state that " it is nevertheless in the power of the
parties so to frame their engagements as to make a pre-
liminary demand essential. And so likewise, though there
be nothing in the terms of the instrument to exclude the
case from the general rule, the attending circumstances,
and the nature of the duty may be such, that the words
which mention a demand or request will have a special sig-
nificance, and require a preliminary demand to be made,"
and instances a case of note payable twenty-four months
after demand. The 13 *Wend.* 267, is the only American
case referred to in *Abbott's Digest, vol.* 3, *page* 782, *section*
182, as an authority adverse to our position, and although
that was a note on demand, and on interest, still the deci-
sion shows no question raised as to the effect of the words
*on interest*, or claim made that was anything but an ordi-
nary demand note, and the court decided upon it as such,
its attention not called to its being any other.

In none of the cases cited occur the words *annual inter-
est*, or *interest annually*, and hence it remains in applying
the foregoing cases, and the principles therein judicially
enunciated, to construe and give effect to such words thus
used in the note in question. It seems to me upon the
cases cited, authoritatively settled that such a note is not
to be held as due immediately, so as to allow the operation
of the statute of limitations, nor for such purpose is it due
without an actual demand.

Whether under the case in 3 *Hill*, 582, it should be held
the parties intended to agree that demand should not be
made until the expiration of more than one year, as *annual*
would seem to import, and hence not till the end of second
year, in any event, or whether it should be construed as
an agreement that the time of making a demand by suit or
otherwise, should be left optional solely with the holder, and
the note should not be due for any purpose till demand
made, and in case of annual interest, that it should not be

demanded in less than one or more years, are questions, which although not necessary to a decision of this case, very naturally suggest themselves; and since the court of last resort has declared that effect must be given to those words when used, we have only to apply the ordinary rules of construction. The rule that commencement of suit is a demand, has not been changed by any of the cases referred to. (23 *How. Pr.* 140-8 ; 40 *Barb.* 50.)

II. No new question can be raised here, and hence the question of a demand, whether as relating to costs or to interest, or anything save the the statute of limitations, is not in the case.

. III. If by sections 73 and 102 of the Code, the old statute of six years limitation, and the provision that eighteen months after death of intestate, shall not be counted as a part of the time limited, &c., are all abrogated, then there is no defence pleaded here of any statute of limitations ; the answer being that of six years limitation, is neither applicable or sufficient. The Code says, the facts constituting the defence shall be stated in the answer. If the new rule is adopted by section 102 of the Code, as claimed by defendants, then it is a new and complete rule—a new and complete defence—one that must be set up by answer in such mode as to apprise the plaintiff of what is claimed, and in such form and language as to understandingly indicate the real defence relied upon. The cases in 24 *Wendell*, 488, 3 *Hill*, 36, 1 *Denio*, 151, and others, holding that in the plea no notice need be taken of the eighteen months provision, and that a plea that action was not brought within six years, &c., was sufficient, do not apply to this new statute, if defendants are correct as to its effect. The old statute simply declared that in actions against administrators, &c., eighteen months after death of the intestate should *not be counted* as any part of the time limited by any law for the commencement of actions, hence as adjudicated, that time, eighteen months, was to be excluded

from computation of time to make six years, and hence such plea good. But this new provision does not declare that the year after granting letters shall not be counted simply, but as claimed by defendants, is now the only limiting statute in such a case, or at all events a substantial limitation of the remedy. (2 *Kern.* 9, 17 ; *Code*, §§ 74, 149.)

IV. No amendment of the answer can be allowed on this appeal.—it is too late—too much laches in application therefor ; and especially it would not be in furtherance of justice, its effect being only to allow an unconscionable defence to avoid payment of an honest debt. The fact of the lapse of more than a year after granting letters appearing proved in the case, does not aid the defendant. Facts proved and not pleaded, are not available. (2 *Kern.* 9-17 ; *Code*, § 74.)

V. Seven years and a half from the making or maturity of the note not having elapsed, the statute of limitations had not begun to run at commencement of the action. 13 *Wendell*, 267 ; 24 *Wendell*, 488, *middle of* 489 ; 5 *Barbour*, 393, *near bottom of* 397 ; 3 *Hill*, 36 ; 16 *Barbour*, 33-44 ; *5th ed. Revised Statutes, vol.* 3, *page* 746, *chapter* 8, *title* 3, *article* 1 *section* 8, declare " the term of eighteen months after the decease of any testator or intestate, shall not be deemed any part of the time limited by law for the commencement of action against his executors or administrators." And if this provision is not abrogated, the right of plaintiff to recover is unquestionable. That such provision is in force and unrepealed by the Code, is evidenced as follows :

1. By the provisions of the Code, title 2, section 73, in express terms is repealed that part of the Revised Statutes entitled " of actions, and the time of commencing them," but no allusion is made to that part entitled " of proceedings in special cases," or that " of suits by and against executors and administrators," or to any provision contained in chapter 8, part 3, article 1, title 3, of Revised

Statutes. By section 74, civil actions are to be commenced within the periods prescribed in that title, *after the cause of action* shall have accrued, *except* where in *special cases*, a different limitation is prescribed by *statute*. Chapter 8, containing section 8 of the Revised Statutes, above cited, is entitled " of proceedings in special cases," prescribing rules as to limitation different from those expressly repealed by section 73 of the Code. By the exception in section 74, the legislature intended something, and effect must be given to that intention; and that intention was most clearly to save from repeal the then existing well known different limitations prescribed by that statute, section 8.

2. By section 471 of the Code, it is expressly declared that part 2 of the Code, of which sections 73 and 102 are a part, shall not affect any existing statutes not inconsistent with the provisions of, and in substance applicable to the actions provided for by the Code, nor any proceedings provided for by chapter 8, part 3, of the Revised Statutes (except the second and twelfth titles thereof), unless such provision is plainly inconsistent with the Code; thereby expressly excluding from the operation of the Code, and leaving in full force, said section 8 above referred to. The legislature could not more clearly have declared such section unrepealed than it has done by section 74 and 471 of the Code, unless instead of using general terms to cover several provisions and sections, it had specifically named each section and provision in detail. It may be conceded, therefore, that the legislature intended to adopt a new general system of rules of limitation of the remedy as existed in the old statutes, and yet retained carefully the same different rules or exceptions to application of those rules in special cases, as existed and were operative, and applied in harmony with the old general system before its repeal.

3. Title 2, chapter 1, containing section 73 of the Code, is headed " time of commencing actions in general," and chapter 4, containing section 102, is headed " general pro-

vision as to the time of commencing actions," both indi-
cating that those are the general provisions, similar to the
old general statutes, but nowhere providing for special
cases, or indicating an intent to repeal the rules existing
in such cases. (5 *Hill,* 221-5 ; 3 *Seld.* 97 ; 1 *Kern.* 601-2.)

4. The provision of said section 8, is not *plainly incon-
sistent* with the provisions of the Code, for both may stand
together—no more inconsistent than with the repealed
statutes with which it stood so long—and this is true,
though *may* in section 102 is construed *shall.* Both laws
must be upheld if they can subsist together. (9 *Comst.*
437, *see pp.* 506-7, *&c.* ; 5 *Hill,* 221, *see pp.* 225-6, *and cases
cited.*) The two statutes are not repugnant, nor is it clear
that section 102 was intended to prescribe the only rule,
as in 16 *Barbour,* 15. (*Smith. on Const. and Stat. Const.*
§§ 757-8, 788 ; *Sedgwick on Stat. and Const. Law, pp.* 123
*to* 129 ; 11 *Wend.* 329, 334-5.)

5. The latter part of section 102 is *permissive* only, and
must yield to the positive prohibition of said section 8, and
cannot be construed as repealing it. (*Smith's Stat. and
Const. Cons. p.* 909, §§ 792-3, *and the more general law must
yield to the specific one, same p.* 911, § 794.) The word
" may " in a statute means must or shall, only where public
rights or interests are concerned, and where the public or
individuals have a claim *de jure* that the power should be
exercised. (5 *Abb. Digest, p.* 84, § 91 ; 10 *How. p.* 237 ;
*Malcom* agt. *Rogers,* 5 *Cow.* 188.)

6. That provision of section 102 is merely cumulative.
(5 *Abb. Digest, pp.* 93-4, §§ 207-8-9, *and cases cited.*)

7. The limiting statute contended for is highly penal, in
derogation of the common law takes away or impairs a
remedy, and hence must be strictly construed. (13 *Wend.*
35, 39 ; 5 *Abb. Dig. pp.* 86-7, §§ 114, 121-2.)

8. Both statutes are recognized as now existing and
operative together in *Parker* agt. *Jackson* (16 *Barb.* 33),
decided at general term fifth district, brought since the

Code; defence, statute of limitations. Both statutes are cited by Noxon in his points at page 41, and by GRIDLEY, J., both statutes regarded as in force, pages 43-4 (*See also Dayton on Surrogates*, 344 *to* 346).

9. By the fact that section 8 is retained in 4th and 5th editions of Revised Statutes, standing with the Code.

10. By 18 *N. Y. R.*, 260, where it is held that the old statute as to double costs, is not repealed by the Code in relation to costs, although there is much stronger reasons for holding it repealed than in the case under consideration.

VI. Evidently the real design of section 102 of the Code, as well as section 8 of the Revised Statutes, was in case of death, to extend rather than shorten the general period of limitations, the old provision declaring eighteen months shall not be counted as part of that period, and the new one of the Code declaring the action may be brought *after the expiration of that period ;* but to hold section 8 repealed, is holding that general period shortened. In this case letters had been granted more than ten months when the six years expired. Such construction should be given the statute as to make it generally applicable. If a party should make a note on two years time and dies within a month, and letters are granted within another month, then before such note by its terms becomes payable, this statute of limitations contended for, deprives the holder effectually of all remedy.

VII. Section 102 was enacted to extend the period to meet cases where parties die out of the state, or cause of action accrues after the death, as in 1 *Denio*, 151, and 5 *Barbour*, 393, and the like.

The order appealed from should, therefore, be affirmed with costs.

MORGAN, J. The special verdict contains the following facts: J. R. Scovil made his promissory note April 22, 1857, by which on demand, he promised to pay William R.

Scovil $2,500, with annual interest. J. R. Scovil died January 22, 1862, intestate, and letters of administration upon his estate were issued to the defendants June 2, 1862, and this suit was commenced April 25, 1864, more than a year after issuing letters of administration, but within six years after the note became due if we exclude eighteen months in the computation of time. The defence is the statute of limitations. By chapter 8, part 3 of the Revised Statutes, entitled "of proceedings in special cases," title 3, article 1, section 8 (2 *R. S.* 448), it is provided as follows : "The term of eighteen months after the death of any testator or intestate, shall not be deemed any part of the time limited by any law for the commencement of actions against his executors or administrators." By the Code of Procedure, section 471, title 1, of chapter 8, above referred to, is declared not to be affected by the provisions of the Code, except where any particular provision shall be plainly inconsistent therewith. If then, there is no provision in the Code plainly inconsistent with section 8, of title 1 of the Revised Statutes, above referred to, the suit must be regarded as having been brought within six years after the date of the note, excluding the eighteen months which is not to be deemed any part of the six years. But it is claimed that section 102 of the Code of Procedure has by implication repealed section 8 of the Revised Statutes. That provides that an action may be commenced against the administrators of the intestate in such a case as this, within one year after the issuing of letters of administration. If, therefore, letters of administration had not been taken out until twice eighteen months after the death of the maker of the note, the plaintiff might have brought his action within a year after, so that practically the term of eighteen months may be of no consequence, when letters of administration are delayed for a long time.

It will be observed that the latter part of section 102 of the Code, was not included in the provisions of chapter

4, article 4, part 3 of the Revised Statutes (2 *R. S.* 298), which were repealed by section 73 of the Code. It is a new provision, and may operate to extend the time for commencing actions against administrators in many cases where the debtor dies before the expiration of the time limited for the commencement thereof, and the cause of action survives. But is it plainly inconsistent with section 8 of the Revised Statutes, which exclues from the computation of time the eighteen months succeeding the death of the intestate ? By a familiar rule in the construction of statutes, if both provisions can, stand together, they must stand (*Dwarris*, 673 *to* 675).

I confess I am unable to see any necessary conflict between these two provisions of law, unless we construe section 102 of the Code as undertaking to limit as well as to extend the time for commencing actions against administrators, in certain cases therein mentioned. If section 8 of the Revised Statutes is repealed, and if letters of administration are issued within one month after the death of the intestate, there would only be thirteen months remaining in which the action could be brought, provided the six years expired in the mean time. And if the six years should not expire until one year after letters of administration issue, there would be no time to be excluded from the computation. But it is quite clear that section 102 did not undertake to limit the time in which the action might be brought against administrators. Giving the plaintiff the benefit of the eighteen months in all cases, the latter part of the provision of section 102 merely extended the time when letters of administration were delayed, so that a suit could not be brought within the time limited for that purpose by the laws already existing.

I think the plaintiff is entitled to a judgment upon the special verdict. Ordered accordingly.

MULLIN, J. By section 8, of article 1, title 3, chapter 6, third part of the Revised Statutes, it is provided that

the term of eighteen months after the death of any testator
or intestate shall not be deemed any part of the time limi-
ted by law for the commencement of an action against his
executors or administrators.   By the 9th section, it is pro-
vided that the time which shall have elapsed between the
death of any person and the granting of letters testamen-
tary or of administration on his estate, not exceeding six
months, and the period of six months after granting of such
letters, shall not be deemed any part of the time limited
by any law for the commencement of actions by executors
or administrators.   Section 102 of the Code provides, that
if any person entitled to bring an action shall die before
the expiration of the time limited for the commencement
thereof, and the cause of action survives, it may be com-
menced by his representative within one year after his
death.   If the person against whom an action may be
brought die before the expiration of the time limited, and
the cause of action survive, it may be brought against his
personal representatives after that time, and within one
year after the granting of letters testamentary or of admin-
istration.   The question to be decided is, whether section
102 of the Code repeals the section of the Revised Statutes
first cited, or whether the two provisions can stand together.
Under section 8, if the person owing the debt or duty died
before the statute run against the cause of action, it must
at all events be brought within seven years and six months
from the time the right of action accrued, if the limitation
of six years applied to the cause of action.   Hence it
became absolutely necessary for the person desiring to sue
to cause representatives to be appointed within the seven
years and six months.   (*Wenman* agt. *The Mohawk Ins. Co.*
13 *Wend.* 267; *Reynolds* agt. *Collins*, 3 *Hill*, 36.)   The
section of the Code permits the action to be brought at
any time within one year after letters testamentary or of
administration issue.   If the provisions of the Code repeal
section 8 of the Revised Statutes, it will follow that if the

debtor dies after the statute of limitations has run one year and letters of administration are taken immediately out, the time within which the action must be brought is reduced to two years as to the claim against the representatives of the deceased. If the debtor should die at the end of five years from the time the cause of action accrued, and letters of administration should be at once taken out, the whole time allowed within which to bring the action would be six years, as it must be brought within one year after the issuing of letters. Such a result, I am quite confident was not intended by the legislature. The provision of section 102 of the Code, permitting the party to bring his suit within one year after letters of administration shall have issued, relieves him from the necessity of procuring the appointment of some one to represent the estate or lose his debt. These several provisions, I understand to give to a person having a claim against a deceased person, eighteen months in addition to the time of limitation, because the personal representatives have eighteen months within which they are not compelled to pay, and this time was allowed to enable the representatives to collect in the assets so as to be able to pay without suit.

It would be folly to allow eighteen months to the administrators to collect, and yet compel the creditor to sue if their claims were not allowed, within a less time. The consequence is, that the party suing has eighteen months after the death, during which the running of the statute is superceded, and if personal representatives are not appointed, he has in addition one year from the time of their appointment (*Dayton's Surrogate*, 346).

This action was commenced within the time limited, and the judgment should therefore be affirmed.

BACON, J. Without definitely passing upon the question which has been mainly argued here by the defendants' counsel, to wit: that the limitation of one year after the granting of letters of administration in which to bring an

action, as prescribed by section 102 of the Code, has repealed the eighteen months provision of the Revised Statutes, I am of opinion that in any view of this case the statute did not begin to run from the date of the note in suit. Where a note is made payable on demand simply, then the note is deemed to be due at its date, and may be immediately prosecuted, although an actual demand must be made in order to entitle the holder to draw interest upon the principal sum. But by the addition of the words "with interest," in the body of the note, a different rule obtains. Where these words are inserted, a presumption arises that the parties intended that the note should not be immediately due, but for some customary period of paying interest, as a quarter or a half year, or perhaps year. And following the decision of the court of appeals in 23 *N. Y.*, 28, the supreme court in the third district held, that a note on demand, with interest, is not due until demanded, and was a continuing security. The note in this case is payable on demand, " with annual interest ;" evidently contemplating that it was not to be demanded until, at any rate, the expiration of a year, and as I think, not until more than one year had elapsed. It was not dishonored, therefore, until the lapse of such a period, nor until actually demanded, and no demand was proved except the suit brought upon it. Consequently the statute of limitations, whatever period we may think is prescribed, had not attached to this note, and the attempted defence entirely failed.

I think the plaintiff should have judgment.