Judgment arrested.

## WOOD against PEAKE.

IN ERROR, from the court of common pleas of *Montgomery* county.

*Peake* brought an action of trespass against *Wood*, in the court below, for taking and carrying away, in *January*, 1809, two horses belonging to the plaintiff below. The defendant below gave in evidence an appointment, under the hands and seals of three justices of the peace, of the town of *S.* in the county of *Montgomery*, dated the 27th *December*, 1808, which stated that it appeared to them, that *Jonathan Laurence*, one of the constables of said county, had, for more than 15 days past refused to serve in his office, &c. and rendering his reasons therefor, and that the town not having appointed one in the room or stead of the said *Laurence*, that therefore they appointed *Elisha Wood*, a constable, &c. The defendant below also produced an execution issued by a justice of the peace against the goods, &c. of *Peake*, dated the 7th *January*, 1809, which was delivered by the justice to *Wood*, as one of the constables of the town, to be executed, who, by virtue of the execution, took the horses of *Peake*, and sold them, &c.

The plaintiff proved that two constables, *Laurence* and another, were chosen by the inhabitants of *Salisbury;* and he offered a witness to prove that *Laurence* never did refuse to serve as a constable, nor was he unable to  , but actually did serve as a constable, the 30th *De-*

In an action of *trespass*, for taking the defendant's goods, the defendant justified as a *constable*, under an appointment of three justices, pursuant to the 6th section of the " act (24th sess. c. 78.) relative to the duties and privileges of towns," passed 27th of *March*, 1801, and that he took the goods as constable,by virtue of an execution issued against the goods of the plaintiff, &c. It was held, that the appointment made by the justices was a judicial act; and being within their jurisdiction,was conclusive and valid, until set aside or quashed on *certiorari;* and could not be questioned in a collateral action.

*NEW-YORK,*
*May, 1811.*

WOOD
v.
PEAKE .

*cember,* 1808, and in *March* following. This evidence was objected to by the defendant's counsel, but admitted by the court below, on which a bill of exceptions was tendered and signed.

*Cady*, for the plaintiff in error. The appointment by three justices was a judicial act; and being in a case in which they had jurisdiction, it must be conclusive.\* If the plaintiff below wished to have the proceedings of the justices corrected, he should have removed them, by *certiorari*, to this court. But the court of common pleas had no right to decide on the validity of that appointment. The constable acting under the authority of the magistrate will be protected,† though there should be some irregularity on the face of the process.‡

\* 5 *Term Rep.* 38. 2 *East,* 246. 1 *Burr.* 245. 2 *Str.* 1149. 1213.

† 2 *Caines,* 108.

‡ *Crump* v. *Halford,* 4 *Mod.* 347.

*Van Vechten,* contra. The authority given to the justices, by the act, (24 sess. c. 78. s. 6.) is special, and must be strictly pursued. The act declares, that if any of the officers chosen should refuse to serve, or should die, or remove, or become incapable of serving, and the town should not, in 15 days after such refusal, death, removal, or incapacity, choose another, then three justices may, by warrant, appoint. In the present case, *Laurence* did not refuse, and, in fact, acted as constable in *December;* the justices, therefore, had no authority or jurisdiction, except in the cases designated; and this not being one of them, the appointment was void, and the person acting under it, a trespasser. The appointment may be a judicial act, yet it will avail nothing, unless it appears also that the justices acted within their jurisdiction.

*Per Curiam.* The act (*Laws,* vol. 1. 326, 327. 329.) declares, that " *if any constable, chosen, &c. shall refuse to serve, it shall be lawful for the inhabitants of the town to supply such vacancy at a special town meeting, to be notified and held, &c.; and that if the town shall not, with n* 15 *days next after such refusal, &c. choose another, it shall be*

*lawful for any three justices of the peace residing in or near such town, and they are required by warrant under their hands and seals, to appoint every such officer which the town ought to have chosen; and every officer so appointed, shall hold his office for so long time, and have the same powers, and be liable to the same penalties, as if elected. And that if any person so appointed a constable, &c. shall refuse to serve, he shall forfeit a penalty of* 62 *dollars and* 50 *cents.*"

These are the statute provisions relative to the subject, and the record states that the defendant below was appointed constable by three justices, in the form prescribed by the act; and the warrant recited that *Laurence*, one of the constables of the town had, for more than 15 days, refused to serve, and that the town had not appointed another in his stead, and that therefore they appointed the defendant.

To an action of trespass for serving an execution, the defendant below, as constable, justified under this appointment; and the court below then admitted testimony to prove that *Laurence* had not refused to serve, and the question brought up is on the competency of this proof.

This appointment is a judicial act, for the justices must first determine and adjudge that there is a vacancy in the office, and that the town neglected to fill it up. It is not traversable in such a collateral action. The appointment remains valid until it be set aside or quashed in the regular course, upon *certiorari*. It is certainly sufficient to justify the constable. He comes to the office by an appointment, regular, according to the forms of law, and made by a tribunal having jurisdiction in the case; and he is bound to accept, under a penalty. He is not to inquire, at his peril, into the validity of the act. It is sufficient that three justices have authority to make such an appointment in the given case. It would be intolerably oppressive to place the constable in the dilemma of subjecting himself to a grievous penalty, if he

refuses, or of being prosecuted for trespass, if he accepts.
If two justices only should appoint him, it would then be
a case in which no jurisdiction existed, and the appoint-
ment would be null and void. The distinction in the
books is between cases where the authority proceeds
from a source possessing jurisdiction over the subject
matter, and from one that does not. The ministerial of-
ficer can justify in the one case, and not in the other.
(*Brown* v. *Compton*, 8 *Term Rep.* 424.) The testimony
offered to impeach the appointment was inadmissible, and
the judgment must be reversed.

Judgment reversed.