White J.
delivered the following opinion of the court.
The bill of exceptions which accompanies and makes a part of the record sent up, shows the statement of this case. The only question which is produced by it is, whether it were competent for the defendants, who showed no evidence of title, except their naked possession, to introduce parol evidence, to prove that a remote mesne conveyance, which had been regularly proved and registered, and which made a link in the plaintiff's chain of title, was a forgery.
By the defendant’s counsel 2 Bl. Com. 195, 2 Esp. N. P. 31, 4 Burr. 2487, 2 T. R. 749, Ten. Rep. the case of Kerr vs. Porter were referred to, to show that possession itself is evidence of some title. And 1 Burr. 395, Lord Coke 77, Henner’s case, Ten. Rep. 91, were likewise cited to prove, that none can recover in ejectment, except the rightful owner.
By the counsel for the plaintiff, the statute of limitations passed in 1715, and that passed in 1797, were relied upon to show, that naked possession in Tennessee, never can confer a right even of possession. It was likewise argued, that as the deed against which the proof had been offered and received was regularly proved and registered, it was at least prima facie evidence of a title, even against the bargainor mentioned therein, and must be conclusive against a naked possession.
That a forgery, if proved, in a civil cause, was only a fraud, and that none could in a civil cause take advantage of a fraud, except he whose right is affected and prejudiced thereby. Vide Ten. Rep. 109.
At the time the cause was argued, so much earnestness was manifested by counsel on each side, that the court felt a desire, not by a speedy determination to risk making a mistake, that would not only injure these parties, but be the means of countenancing a doctrine that would be inconvenient to others also.
We have reflected upon what was urged by the counsel and examined the case withall the attention we are capable of, and now entertain the oninion, that the parol testimony offered, ought not to have been received in this case.
The defendants' pretended to no title or interest whatever, derived under the person making the conveyance said to be forged; infact, they have no title, except naked possession.
*335 It would be most alarming doctrine to purchasers, that after deeds had been proved, or acknowledged and registered in the manner prescribed by law, that whilst all those whose interests were passed by such conveyances, were contented and making no complaint whatever, that a mere intruder, without any evidence of right derived from any one, should have the power by parol testimony, to impeach the purity of a deed, with which those that would seem to be interested, were satisfied. It is said, this deed is a forgery ; if this statement be true, there must have been a perjury in proving it ; if we admit the parol proof, might there not be great risk that in some cases, deeds that were really genuine, would, by parol evidence, be proved to be forgeries.
No mischief whatever can be done by rejecting such evidence, because, when those whose rights are prejudiced, choose to contest the matter, parties will know the point, and come prepared, and the probate and registration will not conclude them ; but it ought to conclude mere naked possessors, or intruders, who show no evidence of right whatever. 2 Binn. 502, 1 Lord Ray. 262, Coleman and Cain’s cases, 490, 7 Johns. 549, 8 Johns. 71-2, and the cases referred to in them, will throw some light on this subject.
We are of opinion, there was a mistake in receiving the evidence mentioned, and therefore the judgment must be reversed, and the cause remanded for another trial.