WILES *vs.* BROWN, sheriff, &c.

For formal defects in process the remedy is either in the same court out of which it
  issued, by motion to set it aside, or by certiorari to the supreme court. Such de-
  fects cannot be corrected by habeas corpus.
Where a supreme court commissioner has become possessed of jurisdiction of the
  subject matter, and of the parties, the law clothes him with judicial powers; and
  in analogy to other proceedings, his decisions cannot be impeached in a collateral
  way.
Accordingly, where a person committed to the custody of the sheriff upon a *ca. sa.*
  was brought before a supreme court commissioner upon *habeas corpus*, and was
  discharged by him from imprisonment; *Held,* that such discharge was a protec-
  tion to the sheriff in an action brought against him for the escape of the prisoner;
  although the discharge was erroneously granted.

THIS was an action of debt for an escape; and was tried at
the Otsego circuit in September, 1847, before the Hon. HIRAM
GRAY, one of the justices of this court. The defendant pleaded
the general issue, and gave notice of special matter, viz. that
he had discharged the prisoner for whose escape the suit was
brought, in pursuance of a writ of discharge allowed by a su-
preme court commissioner, on habeas corpus. On the trial of
the cause the plaintiff's counsel read in evidence the judgment
record, and the *ca. sa.* which purported to be issued on a judg-
ment in an action of *trover;* and proved that the *ca. sa.* was
received by the defendant as sheriff, and his return endorsed
upon it. It was admitted that Woodruff, the judgment debtor,
was off the limits, and out of the custody of the sheriff, when
this suit was commenced. The plaintiff having rested, the de-
fendant's counsel read in evidence the writ of discharge issued
by the supreme court commissioner; which he insisted was a
protection to the sheriff, and barred the plaintiff's action. The
counsel for the plaintiff, in order that all the facts of the case
might appear, read in evidence the petition presented by Wood-
ruff to the supreme court commissioner, praying for a habeas
corpus, with the writ of habeas corpus, and the sheriff's return
to the same. The plaintiff's counsel then insisted that the

Wiles *v.* Brown.

plaintiff was entitled to a verdict; inasmuch as the whole pro-
ceeding showed that the sheriff had knowledge that the
supreme court commissioner had no jurisdiction to grant the
habeas corpus; and that consequently the sheriff was not pro-
tected.   But the judge decided that the sheriff was protected
by the writ of discharge issued by the supreme court commis-
sioner, and he ordered the plaintiff to be nonsuited, and he was
nonsuited, accordingly.   The plaintiff excepted, and now
moved for a new trial.

*James H. Cook*, for the plaintiff.

*E. Brown*, for the defendant.

*By the Court*, WILLARD, J.   Wilson H. Woodruff was
committed to the custody of the defendant as sheriff of Otsego
county, in July, 1846, by virtue of a *ca. sa.* issued upon a judg-
ment obtained in this court in favor of the now plaintiff, "for
converting a certain quantity of plank or lumber of the plain-
tiff."   On his application to a supreme court commissioner, he
was brought up on a habeas corpus and discharged from that
imprisonment.   The commissioner allowed a writ of discharge
purporting to be issued out of the supreme court, and reciting
the commitment of Woodruff on the said *ca. sa.* and that that
was the sole cause of his detention, and that the commissioner
decided that the imprisonment was illegal; and it commanded
the sheriff to whom it was addressed to discharge Woodruff
from imprisonment.   The sheriff accordingly discharged him;
and this action has been brought by the plaintiff, against the
sheriff, for the escape.   The question is whether the decision
of the supreme court commissioner affords a protection to the
sheriff, for discharging Woodruff out of custody.

It is quite clear that the commissioner decided wrong in
granting the discharge.   The facts stated in the sheriff's return,
namely, the *ca. sa.* showed that Woodruff was rightly impris-
oned, and he should have been remanded.   The first section
of the act to abolish imprisonment for debt, and to punish

fraudulent debtors, passed April 26, 1831, (*Laws of* 1831, *p.* 396,) prohibits the arrest or imprisonment on civil process, or on any execution, &c. in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree, founded upon contract, or due upon contract, express or implied, or for the recovery of any damages for the non-performance of any contract." If, then, the judgment on which the *ca. sa.* issued was recovered in an action founded on a prior judgment *not founded on contract*, but founded on a tort, such as trespass, trover, and the like, the defendant is still liable to be taken in execution as before the act of 1831. The *ca. sa.* in this case, showed on its face, that the original judgment was " for converting a certain quantity of plank or lumber of the plaintiff," which are the appropriate terms for describing a judgment in the action of trover. It thus appeared to be issued in a case in which the defendant was by law liable to be imprisoned. It was fair on its face. Even had it been otherwise in point of form, but the defects had been such as were amendable, the commissioner should have remanded the prisoner. For *formal* defects in the process the remedy is either in the same court out of which it issued, or by motion to set it aside; or, if the case require it, by certiorari to this court. They cannot be corrected by habeas corpus. (*The People* v. *Nevins,* 1 *Hill,* 154, 377. 3 *Hill, App. n.* 647, 661, 663, *&c.* 25 *Wend.* 483. 2 *R. S.* 568, § 41.)

The important question therefore arises, whether the decision of the commissioner is not a complete bar to this action, and a protection to the sheriff. The petition for the writ being in the prescribed form, the commissioner was bound by law to allow it, under the penalty of one thousand dollars. (2 *R. S.* 564, §§ 25, 26, 31.) On the return of the writ, the commissioner was required to proceed to examine into the facts contained in it, and into the cause of the confinement or restraint, and if no legal cause was shown for such imprisonment, to discharge the party from custody or restraint. (*Id.* §§ 38, 39.) He thus became possessed of jurisdiction of the subject matter and of the parties; and the law clothes him with judicial powers. In analogy to other proceedings, his decisions cannot be impeached

in a collateral way. (*Wood* v. *Peake*, 8. *John. Rep.* 69. *Rogers* v. *Bradshaw*, 20 *Id.* 739.) And express provision is made, in the statute, for removing his decisions to this court, and ultimately to the court of appeals. (2 *R. S.* 573. *Judiciary act of* 1847.)

The case of *Cable* v. *Cooper*, (15 *John. Rep.* 152,) in which a discharge upon a habeas corpus was held not to protect the sheriff in an action for an escape, and which case is urged by the plaintiff as an authority for the present action, arose under the former habeas corpus act. (1 *R. L. of* 1813, *p.* 425, 426.) And the decision of that case led to the passage of the act of April, 1818, ch. 277, which has been incorporated into the revised statutes.

The sheriff must be protected in obeying the discharge granted by the supreme court commissioner, although it was an erroneous exercise of power. The decision of the circuit judge in nonsuiting the plaintiff was right, and the motion for a new trial must be denied.

---

Same Term. *Before the same Justices.*