RICHARD BULLYMORE, Appellant; *v.* WM. COOPER, Jr., Sheriff, &c., Respondent.

(GENERAL TERM, EIGHTH DISTRICT, NOVEMBER, 1869.)

An order of a County Court (under art. 6, tit. 1, chap. 5, part 2, R. S.), directing the discharge of a debtor imprisoned in execution, is invalid on its face, unless it recites the proceedings necessary under the statute to vest the court with jurisdiction.

If the sheriff releases the debtor under an order omitting such recitals, when the court in fact had not jurisdiction to make it, he renders himself liable as for an escape.

The court will not obtain jurisdiction to make the order of discharge unless the applicant verifies his petition at the time he presents it.

Where, therefore, the sheriff released a prisoner in execution, under an order whose recitals showed the applicants neglect to swear, that he had not disposed of any part of his property with a view to the future benefit of himself or his family, and the order had, in fact, been made upon a petition which was not verified at the proper time, and was for that reason void.—*Held*, that he was not protected, but was liable for an escape.

Whether the applicant for discharge can meet the requirements of the statute (§ 4), respecting " a just and true account of all his estate, &c.," by alleging, in his petition, an adjudication and assignment in bankruptcy. *Quere.*

APPEAL by the plaintiff from a judgment in favor of the defendant, rendered after trial by the court.

The action was against the sheriff of Cattaraugus county, seeking to recover for the escape of Flint and Bullock, who had been severally arrested and imprisoned in execution upon a judgment recovered against them in November, 1868, on allegations of fraud, for $170.86, for which amount the complainant demanded judgment.

The defendant sought to justify under orders of the Cattaraugus County Court, which were dated respectively March 5th and 30th, 1869; and in the case of each debtor were substantially alike. The order in respect to Bullock, was as follows, viz. :

At a County Court, held in and for the county of Cattaraugus, at the Court House, in the village of Little Valley, commencing on the first day of March, 1869.

Present—Hon. R. LAMB, County Judge.

*March 5th*, 1869.

IN THE MATTER OF NORMAN BULLOCK, }
  AN IMPRISONED DEBTOR. }

On reading and filing the petition of the above named Norman Bullock, praying for an order that the said Norman Bullock be discharged from imprisonment upon an execution issued out of the Supreme Court, in an action wherein Richard Bullymore was plaintiff, and Abner N. Flint and Norman Bullock were defendants, judgment was entered or docketed in Cattaraugus county, on the 18th day of November, 1868; and on reading and filing the inventory or schedule annexed to said petition, and the affidavit of the said Norman Bullock thereto annexed, and the said inventory containing a just and true schedule of all the said Bullock's property, either in law or equity, and all securities, choses in action or property, of whatever name or nature, and that the said Bullock has not disposed of any of his property, at any time, with a view to hinder, cheat, delay or defraud his creditors; and on filing due proof of personal service of a copy of the petition, affidavit, inventory and notice of motion upon the attorneys for the plaintiff, in said judgment and execution, fourteen days previous to the hearing thereof; and the said Norman Bullock being brought before the court personally, on motion of J. R. Jewell, of counsel for the petitioner, it is ordered that the said Norman Bullock be, and he is hereby discharged from his imprisonment under and in pursuance of the execution aforesaid.

(Copy.)  E. C. BROOKS,
· *Clerk.*

It appeared that the defendant had released the debtors from imprisonment in good faith, upon service on him of these orders, on the days of their respective dates.

The petition upon which the order for the discharge of Flint had been granted was dated March 13th, 1869. After setting forth his imprisonment for more than sixty days (but not stating at what time it began), and the cause thereof, it concluded as follows :

"And your petitioner further shows that prior to the rendition of said judgment, he filed his petition in bankruptcy, in the office of the clerk of the District Court of the United States for the northern district of New York, and on the 24th day of June, 1868, was duly declared and adjudged a bankrupt, under the provisions of the bankrupt law of the United States, passed March 2, 1867, entitled "An act to establish a uniform system of bankruptcy throughout the United States ;" that on the tenth day of August, 1868, George L. Winters of Ellicottville, was duly appointed an assignee of all his property for the benefit of creditors, and that your petitioner has no property whatever, either real or personal, either in law or equity, wherewith to make an account under the provisions of article 6, chapter 5, part 2d, title 1 of the Revised Statutes, and that said proceedings in bankruptcy are still pending, and that your petitioner has a family who need his services for their support, wherefore your petitioner prays that he may be discharged from his said imprisonment." It was signed and verified by an affidavit written underneath, viz. :

" I, Abner N. Flint, the within named petitioner, do swear that the petition and account of my estate, and of the charges therein, hereto annexed, are in all respects just and true, and that I have not at any time, or in any manner, disposed of or made over any part of my property, with a view to the future benefit of myself or my family, or with an intent to injure or defraud any of my creditors." .

No account of property, &c., as required by the statute, was annexed.

The petition in the case of Bullock, was in the form required, and had annexed to it a schedule of property, &c., as directed by the statute. It was dated the 17th of Feb-

ruary, 1869, and was signed and verified by Bullock on the. same day by an affidavit also underwritten as follows : "I, the petitioner named in the foregoing petition by me subscribed, do swear that the foregoing petition is in all respects just and true, and that I have not at any time, or in any manner, disposed of or made over any amount of my property; with a view to the future benefit of myself or my family, or with intent to injure or defraud any of my creditors;" sworn, &c.

The petitions were both served on the plaintiff after their verification, and fourteen days before the presentation thereof to the court. The discharge in each case was granted without any assignment of the property of the applicant, or appointment of an assignee, or order for an assignment having been made. It was conceded that the plaintiff should recover, if at all, the amount demanded.

*Benj. H. Austin, Jr.,* for the appellant.

*Cary & Bolles,* for the respondent.

Present—MARVIN, DANIELS, LAMONT and BARKER, JJ.

By the Court—LAMONT, J. The defendant who is sheriff of Cattaraugus county, discharged two execution debtors from imprisonment, under an order of the County Court of that county, purporting to have been granted in proceedings taken by them under article 6, title 1, chap. 5, part 2 of the Revised Statutes, entitled "Of voluntary assignments by a debtor imprisoned in execution in civil causes." The plaintiff was the judgment creditor and sues the sheriff for an escape. Two questions arise in the case: First, whether the order of discharge was authorized by the proceedings taken for that purpose ; and secondly, whether the order was upon its face regular so as to afford a justification to the officer who executed it.

The rules of law which apply to the party and to the ministerial officer, touching their respective liabilities, are sufficiently defined in the following authorities: When the

Bullymore *v.* Cooper.

prisoner has been discharged from his imprisonment by the order of a court or judicial officer, it has been held a good defence for the sheriff, in an action for the escape; provided the court or officer making the order had jurisdiction to make it, even though such order was erroneously made and might be avoided; otherwise, however, where the order is void upon its face, or is granted by an officer who has no jurisdiction in the matter. (*Wilckens* v. *Willet*, 1 Keyes, 524.) Where fourteen days have not elapsed between the arrest and order of discharge, the court will assume for the protection of the sheriff that full notice of the application of the insolvent was waived where the order of discharge is perfectly regular on its face. (*Hart* v. *Dubois*, 20 Wend., 236.) The general rule is, if the justice has jurisdiction of the subject-matter, and if the process is regular upon its face, he (the officer) is protected (*Webber* v. *Gay*, 24 Wend., 487), even though the officer may have some outside information that no jurisdiction has been obtained. (*People* v. *Warren*, 5 Hill, 440.) In *Chegaray* v. *Jenkins* (5 N. Y. R., 376), the defendant justified under a tax warrant issued to him as a constable; and the court say it was no part of his duty to overrule or dispute the authority of his superiors, unless upon grounds apparent on the face of their mandate (p. 381).

Where an order on its face is such as the officer from whom it emanates may make for the guidance and control of another officer, the latter may justify under the order alone, without showing that jurisdiction had been acquired in the particular case in which the order was made. On this principle the process of a court of limited jurisdiction will, alone, furnish a justification to the ministerial officer to whom it is directed, and who obeys its mandate. (*Bennett* v. *Burch*, 1 Denio, 145–6.) Ever since the case of *Savacool* v. *Boughton* (5 Wend., 170), a ministerial officer is protected in the execution of process regular on its face, and coming from a court or body of men having jurisdiction of the subject-matter. (*Sheldon* v. *Van Buskirk*, 2 N. Y., 477.) The process being void, the party who set it in motion, and all persons aiding

and assisting him are *prima facie* trespassers. If though void as respects the party, it is yet regular and apparently valid on its face; it will protect the officer against an action on the principle of *Savacool* v. *Boughton*; but the protection being extended to the officer, upon motives of policy, will not at all aid the party. (*Kerr* v. *Mount*, 28 N. Y. R., 665.)

The proceedings are assailable for want of jurisdiction in a proceeding brought to review or reverse them, but are not assailable for want of jurisdiction in an action against the officer or other collateral proceeding where the court or officer has acted, though erroneously, in deciding upon matters before him for judicial determination. (*Porter* v. *Purdy*, 29 N. Y. R., 113.) It was observed in the last case that as the law was supposed to stand in this State before *Savacool* v. *Boughton* was decided, an officer was not protected by process fair on its face, if the officer or court issuing it had not jurisdiction to issue it. But the rule became settled in *Savacool* v. *Boughton*, and has ever since been adhered to, that a ministerial officer is protected in the execution of process, whether the same issue from a court of limited or general jurisdiction, although such court have not, in fact, jurisdiction in the case, provided that on the face of the process it appears that the court has jurisdiction of the subject-matter, and nothing appears in the same to apprize the officer, but that the court also has jurisdiction of the person of the party to be affected by the process. The officer, when sued, may defend under such process, but he cannot build up a title upon it, which will enable him to maintain actions against third persons. (*Horton* v. *Hendershot*, 1 Hill, 119.)

On the authorities, it is quite clear that a simple order of the County Court, discharging the imprisoned debtor, without any statement or recital of the previous proceedings required by the statute, would be invalid upon its face, for the reason that the County Court is not invested by law with the general jurisdiction of discharging imprisoned debtors. The authority is special and limited, and the writ,

process, or order of discharge, must show the jurisdiction upon its face.

The petition and account of property under "section 4" of this title of the Revised Statutes, as the debtor's estate and the charges on it, existed at the time of his imprisonment (*i. e.* his arrest), and as they exist at the time of preparing such petition must be made out, the affidavit as provided in the fifth section must be indorsed on the petition, and the oath to the affidavit taken at the time of presenting the petition.

The sixth section shows how and where the County Court becomes vested with jurisdiction of the case. Upon the presenting such petition, and due proof being made of the service of a copy thereof, and of the account thereto annexed, with the notice hereinbefore required (which is the fourteen days notice to the creditor with a copy of the petition and account), the court shall order the applicant to be brought before it. The only verification of the petition and account of the debtor's estate is the affidavit, a special form for which is contained in section 5. As served on the judgment creditor the petition and the account of the imprisoned debtor's property are not required by the statute to be sworn to. It is only after the creditor has had time for investigation and inquiry into the truth of the petition and the account, and especially into the state of the debtor's pecuniary circumstances, both at the time of his arrest on the execution, and at the time of his preparing the petition, that the statute exacts the affidavit to verify the petition and the account, when the creditor may if he chooses be present to see the oath taken.

This affidavit, then, to be sworn, is an important part of the proceeding; and the legislature has seen fit to prescribe its very form and words: "I, the within named petitioner, do swear (or affirm as the case may be) that the within petition and account of my estate and of the charges thereon, are in all respects just and true, and that I have not at any time or in any manner, disposed of or made over any part of my property, with a view to the future benefit of myself or my

Bullymore *v.* Cooper.

family, or with an intent to injure or defraud any of my creditors."

The statute exacts this particular affidavit to be indorsed on the petition. It is unsafe to depart from its language as prescribed by the statute. The petition and the account or rather the two accounts of the debtor's property at two different times are thus verified. And the court acquires no jurisdiction unless a strict compliance is shown with the provisions of the statute. This is illustrated in the *People* v. *Bancker* (1 Seld., 106), in a very able opinion upon the jurisdictional question delivered by the late Justice MULLETT.

The papers in the case show that the affidavits of both judgment debtors, Flint and Bullock, verifying their petitions were taken before the petitions were served on the creditors, and not at the time of presenting them to the court. This is fatal to the jurisdiction. (*Brown* v. *Bradley*, 5 Abb., 141.)

Flint gave no account of his property whatever, nor does his petition show when he was arrested, whether before or after the adjudication of bankruptcy, although the bankruptcy and appointment of an assignee are put forward as an excuse for omitting such account. But the petition ought to have shown when he was arrested, and that such arrest was after he was divested of his property by the bankrupt proceeding. If he was arrested before the assignee was appointed he must give an account of his property as it existed at the time of his imprisonment, as well as at the time of preparing his petition. The bankruptcy did not vest in the assignee any property exempt from execution by the laws of this State, or of the United States, and perhaps $500 more. Bankrupt act, (§ 14.) The act of congress provides that none of this exempt property shall pass to the assignee or the title of the bankrupt thereto be impaired or affected by any of the provisions of the bankrupt law. In *People* v. *Bancker*, the debtor had made an assignment of his property for the payment of his debts, and therefore claimed to have no property whereof to make an account, but the Court of Appeals held that his peti-

tion was void for want of an account. Admitting, say the court, that assignment to have been fair and valid, still it was an assignment in trust, which might leave him a large residuary balance, which would be property in equity at least.

Now, I admit that the sheriff will stand justified by his order of discharge if that states on its face the necessary jurisdictional facts even though such statement be false. He need only look to the face of his process or order. If the order is not sufficient upon its face he cannot justify upon the proceedings actually taken when the latter also disclose a fatal want of jurisdiction. In *Wiles* v. *Brown* (3 Barb., 37), the commissioner who discharged on *habeas corpus*, a defendant imprisoned on execution by civil process had obtained jurisdiction of the subject-matter and of the person ; and although his decision to grant the discharge, was against a positive statute, it was held that the sheriff was not liable to damages for an escape by discharging the execution debtor pursuant to the commissioner's writ of discharge.

I doubt that the sheriff could be made liable on the ground that the order of discharge was silent upon the subject of the appointment by the County Court, of assignees for the debtor, or of the order for an assignment to be made, or of the actual making of the assignment, or of giving security to deliver, &c., or of furnishing proof upon these subjects (sections 6 to 11.) These are proceedings intermediate the vesting of the jurisdiction in the County Court by the petition, &c., and the final order of discharge. If the court obtained jurisdiction of the subject-matter of the proceeding and of the requisite persons, and after judicially examining the matters makes a final order of discharge, and these facts sufficiently appear in the latter order to the sheriff, that order becomes his sufficient protection whatever errors intervene during the course of the proceeding.

Does this order of discharge disclose a want of jurisdiction on its face? If it does the sheriff must fail in the action ; because, most undoubtedly, the orders of discharge were not

authorized in the proceedings taken for that purpose. (*Stanton* v. *Ellis*, 2 Kernan, 578; *Hale* v. *Sweet*, 40 N. Y. R., 97.)

In the case *Castellanos* v. *Jones* (1 Seld., 164), the court held that the attachment showed on its face a want of jurisdiction in the officers to issue it. The warrant of attachment in that case purported to be taken out under the provisions of the Revised Statutes concerning attachments against absconding, concealed and non-resident debtors. (2 R. S., 1, &c.) The statute itself does not state what recitals, or that any recitals of the preliminary jurisdictional facts of proofs shall be contained in the warrant of attachment; but the warrant, as issued, did contain a recital of certain facts of that description which, however, did not show enough to confer jurisdiction. And for these *omissions* to recite enough, the warrant was held void on its face.

In the present case the order of discharge, made by the County Court, purports to recite the proceedings that give that court jurisdiction, and, among other things, the affidavit required by section 5, to be indorsed on the petition of the imprisoned debtor at the time of its presentation to the court.

The statute made it necessary that this affidavit should contain the statement that the debtor has not at any time or in any manner, disposed of or made over any part of his property, with a view to the future benefit of himself or his family. The orders in question, though purporting to make a statement of the contents of the affidavit, are here chargeable with a fatal omission. (*Hale* v. *Sweet*, 40 N. Y. R., 97.) It is said in *Chegaray* v. *Jenkins* (1 Seld., 381), that the general principle is, that the proceedings of magistrates and officers having special and limited jurisdiction, must bear on their face the evidence of their jurisdiction, or they will be adjudged invalid; and that in collateral actions their judgments may be questioned and disregarded if it appears that, in fact, they had no authority to act in the given case.

Again, both orders of discharge made by the County Court, in professing to give the contents of the petitioner's

affidavits, show on their face that the *petitions* were not verified, but only the *inventories.*

On the face of each order a want of jurisdiction in the County Court was disclosed to the sheriff who executed it. He cannot, therefore, justify himself in this action by the bare production of the orders as he might do if they were strictly regular upon their face; and if·he attempts to go behind the order, and adduces the proceedings had in the County Court, he may produce a good formal affidavit; but the affidavit was not taken at the time of presenting the petition to the court, and the proceedings actually taken, turn out to be unauthorized and void. The sheriff, therefore, stands in such a perdicament that he cannot justify, either upon the face of his orders or upon the proceedings in the County Court.

The authorities cited, and particularly the decision in *Castellanos* v. *Jones,* appear to me to be decisive against the sheriff, acting as he did in perfect good faith, his disposition of the case operates as a hardship upon him, which the court cannot but regret; but the rights of parties also deserve consideration, and no rule of law would be tolerable which did not guard the interests of parties from being sacrificed by unauthorized summary proceedings like the one in question.

The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed.