ALVAN RICHMOND, as Assignee, etc., Appellant *v.* HIRAM PRAIM, as Sheriff, etc., Respondent.

*Discharge of imprisoned debtor — when the affidavit accompanying the application must be sworn to — it may be annexed to (instead of indorsed on) the petition — the sheriff may release the debtor though not served with the order of discharge.*

Section 5 of 2 Revised Statutes, 32, relating to the discharge of imprisoned debtors from arrest, and providing that "at the time of presenting such petition the following affidavit shall be indorsed thereon, and shall be sworn to by the applicant," does not require the affidavit to be indorsed and sworn to in the presence of the court at that time, but only that at the time of its presentation the petition shall have upon it, sworn to by the applicant, the required affidavit. *Browne* v. *Bradley* (5 Abb., 141), criticised.

The fact that the affidavit is annexed to, instead of being indorsed upon the petition, is immaterial.

In an action against a sheriff for an escape, it is a defense for him if he shows that a valid order for the discharge of the debtor has been made, though it has never been formally served upon him.

APPEAL from a judgment in favor of the defendant, entered on a trial by the court without a jury.

The action was brought for an escape from the jail limits of Fulton county of one Henry D. Helterline, who was imprisoned on an execution issued on a judgment recovered by this plaintiff, for the conversion of personal property. The sheriff justified for the alleged escape, under an order of the Fulton County Court, made the 5th day of April, 1880, by which order the court directed the discharge of Helterline from imprisonment.

*S. L. Seabrook*, for the appellant.

*J. M. Dudley*, for the respondent.

LEARNED, P. J.:

Under the decision in *Bullymore* v. *Cooper* (46 N. Y., 236), the order of discharge was insufficient in its recitals to protect the defendant. It is, therefore, necessary to recur to the proceedings on which the order was based, to see whether the papers presented to the County Court were sufficient to give the court jurisdiction. (See case cited, at p. 246.)

The first point made by plaintiff is that the schedules are not "just and fair" which were presented to the court with his petition, in that, at the time of his arrest, he owned a watch and had a contract, and that he had disposed of the watch and of some of the proceeds of the contract at the time of the petition. But this question, viz.: whether the debtor's proceedings are just and fair is one to be tried by the County Court. And it has been tried by that court, and decided in favor of the debtor. Whether the acts of the debtor were or were not fraudulent, was a matter for that court to investigate.

The next point is that the affidavit of the debtor speaks of the "above" petition and account, instead of the "within" petition and account. (2 R. S. m. p. 32, § 5.) In *Hale* v. *Sweet* (40 N. Y., 97), cited by plaintiff, the variation in the affidavit changed its meaning materially. In this instance it does not.

The next point is that the affidavit of the debtor was not indorsed on the petition, but was annexed.

This objection was made on the offering of the petition and papers in evidence, but it does not appear from the case what the fact was. The affidavit follows the petition immediately; but it is not stated in the case that it was written on the same or on another piece of paper. The words "above petition," contained in the affidavit, would be accurate, even if the affidavit were written on the back of the petition. And from those words alone we have no reason to think that the affidavit was not indorsed.

The plaintiff cites *Browne* v. *Bradley* (5 Abb., 141). This decides nothing on the question of indorsing or annexing the affidavit. Nor does *Bullymore* v. *Cooper* (2 Lans., 78), also cited by plaintiff.

No objection of this nature was taken by the plaintiff on the hearing before the county judge. We think that it does not appear that the affidavit was not indorsed; and that, if it did so appear, it would be immaterial.

Another and much more important question relates to the time when the affidavit was made. The petition was dated March eighteenth; the affidavit was sworn to March nineteenth; the petition was presented to the court April fifth, and the order made that the debtor be brought before the court forthwith; and he was so brought that day. No affidavit, so far as appears, was made that

day. The question is whether, under section 5, above cited, the applicant must take the oath at the time of presenting the petition. A literal compliance with that is often impossible, because the petition is presented in court, while the applicant is, or may be in actual custody in jail. He cannot, therefore, swear to a petition at the time of presenting it, when he may not be in presence of the court. After presenting the petition, it is true, an order is to be made that he be brought before the court. This implies that he was not there when the petition was presented. And though for precaution it is not uncommon to have the applicant verify the petition when he is brought in, yet it is plain that the petition must have been presented before, otherwise the order to bring him in could not be made.

This question is left carefully undecided in *Bullymore* v. *Cooper* (46 N. Y., 236). The Special Term case of *Browne* v. *Bradley* (*ut supra*) expresses an opinion that the affidavit cannot be made before the presenting. That is followed in *Bullymore* v. *Cooper* (2 Lans., 78). But other points were there relied upon. It is followed in *Hillyer* v. *Rosenberg* (11 Abb. [N. S.], 402, Spec. Term Com. Pleas). But the learned judge, appreciating the difficulty above mentioned, was obliged to hold that the presenting the petition was to be construed to extend to the time when the applicant was brought before the court under the order.

The statute provides only for one affidavit. A copy of the petition and schedules are to be served on the creditor with a fourteen days' notice. (Sec. 3.) Can it be that a copy of an unverified petition is to be served? Must not a copy of the same papers be served on the creditor which are afterwards presented to the court? Is the court to make the order to bring the applicant before it on an unverified petition? This would be entirely contrary to all practice. It will hardly be doubted, therefore, that an affidavit must be made *before* the copy of the petition is served, and that such affidavit must be upon the petition when it is first presented. Is there anything in section 6 which indicates that another affidavit is to be made? Nothing. A summary examination is to be made of the applicant on oath, and other proofs are to be heard. That was done in this case.

Is there, then, anything in the language of section 5 inconsistent

with this practical view? It says that, at the time of presenting the petition, the following affidavit shall be indorsed thereon, and sworn to by the applicant. Does that mean that the indorsing of the affidavit must be done in the presence of the court? Certainly not. The meaning is that, at the time of presenting the petition, it shall have upon it, sworn to by the applicant, the affidavit required. There would have been no difficulty in expressing the meaning claimed by the plaintiff. The statute might have said: At the time of presenting the petition, the applicant shall indorse and swear to the following affidavit. Or the language of 2 Revised Statutes (m. p. 28), section 2, might have been used, or that of 2 Revised Statutes (m. p. 17), section 7. In those cases the language shows that the applicant is to make the affidavit before the officer, and for the very obvious reason that, in those cases, no previous service of a copy of the petition on creditors is necessary.

And it should be noticed here that the position taken by the plaintiff originated in the remark made by the Special Term in *Browne* v. *Bradley*, which was not necessary to the decision of the case. Nor has there been any case decided which necessarily involved the point under discussion. Again: the attorney for the creditor was present when the applicant was brought into court, and made certain preliminary objections. This was not one of them.

It is further urged by plaintiff that the sheriff did not formally discharge the debtor, and that the order of discharge was not served on him. But if it was actually granted, and was valid, the sheriff cannot be held liable for obeying it, although he was not formally served. He may not be obliged to obey, but he is not to be punished for obeying a valid order before service. The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.