## ELIZA ANN SCHAFFER, APPELLANT, *v.* JOSEPH H. RISELEY, RESPONDENT.

*Discharge of an imprisoned debtor by a sheriff under an order of a county judge — Code of Civil Procedure, secs. 2203, 2204 — when omissions, in the recitals of jurisdictional facts in the order, may be supplied by proof — if not recited or proved the order of discharge will not protect the sheriff.*

This action, brought against the defendant, a sheriff, for an escape, was defended by him upon the ground that the imprisoned debtor had been legally discharged. The plaintiff claimed that the order of discharge, introduced in evidence upon the trial, did not show jurisdiction in the county judge, as it failed to recite that the petition was "in writing," "signed by the party," or that a schedule was annexed thereto.

*Held,* that the want of these allegations in the order was supplied by proof given upon the trial showing that the petition was in writing, signed by the party, and that the schedule was annexed.

*Bullymore* v. *Cooper* (46 N. Y., 236; affirming S. C., 2 Lans., 71).

The order did not recite that the affidavit required by section 2204 of the Code of Civil Procedure had been made, and the proof showed that the affidavit used was made on February twentieth, while the petition was presented on March ninth.

*Held,* that as the section above cited required the affidavit to be "subscribed and taken by the petitioner on the day of the presentation of the petition," the county judge had no jurisdiction to make the order, and that as the order of discharge contained no recital as to the making of such affidavit it did not protect the sheriff. (LANDON. J., dissenting.)

APPEAL from a judgment, entered upon a verdict rendered at the Ulster Circuit in favor of the defendant by the direction of the court.

*D. W. Sparling* and *Wm. Lounsbery,* for the appellant.

*John F. Cloonan,* for the respondent.

LEARNED, P. J.:

The defendant, a sheriff, is sued for an escape. His defense is, that the imprisoned debtor had been legally discharged. And the only question is, whether the discharge was such as justified the sheriff in permitting the debtor to go free.

The order of discharge, it is claimed by the plaintiff, does not show jurisdiction in the county judge, in failing to recite that the petition was "in writing," "signed by the party," with a "schedule

annexed." (Code Civil Pro., § 2203.) But it appeared on the trial that the petition was in writing, signed by the party, and with a schedule annexed. This proof supplied the want of those allegations in the order of discharge. (*Bullymore* v. *Cooper*, 46 N. Y., 236.)

The next defect alleged by the plaintiff is, that the order does not recite the making of the affidavit required by section 2204. The proof on this point shows that the affidavit was made February twentieth, and the petition was presented March ninth. This section of the Code now expresses that the affidavit "subscribed and taken by the petitioner on the day of the presentation of the petition must be annexed," etc. In *Richmond* v. *Praim* (24 Hun, 578) we were of opinion that, under the Revised Statutes, this affidavit might be previously made. The Code has settled that point otherwise.

Section 2205, which provides for service of a copy of the petition and schedule fourteen days before presenting, says nothing about a copy of the affidavit. The mistake in this case must have arisen from supposing that a copy of the affidavit must be served, for the service was made February twenty-first. The county judge, therefore, had no jurisdiction; and as there was no recital of such affidavit in the order of discharge, there is nothing to protect the sheriff. This view has been illustrated by supposing that order of discharge contained no recitals whatever. It would not then protect the sheriff unless he could prove, in fact, the jurisdiction. And it must be noticed that the affidavit referred to is a part of the very first step by which jurisdiction is acquired.

The doctrine of *Bullymore* v. *Cooper*, above cited, is that the order of discharge must show the facts giving the court jurisdiction of the person and the case. (So *Bennett* v. *Burch*, 1 Denio, 141.) If the order does not show these facts, they may be shown *aliunde.* There is nothing in conflict with this in *Goodwin* v. *Griffis* (88 N. Y., 629.) In that case there was evidence *aliunde*, and the case did not rest on the order only. Furthermore, the court held that the imprisoned debtor had not been liable to an execution against the body, and, therefore, the sheriff was not answerable for the escape.

The defendant insists that the order recites that it was made after hearing the attorney for the plaintiff. But that recital implies no consent on his part. He may have opposed. He was not acting for the debtor.

It is with reluctance that we come to the conclusion that the order of discharge is not a defense, and that the proof of the proceedings shows that they were fatally defective. Undoubtedly the sheriff acted in good faith, and it is hard that he should suffer; but, on the other hand, the plaintiff has rights. She has her judgment and has a right to collect it by all legal means. The sheriff was bound to see that he did not let the debtor go until an order of discharge was presented, which conformed to the law and showed the jurisdiction of the court.

The judgment should be reversed, new trial granted, costs to abide the event.

MAYHAM, J.:

I concur in the opinion of LEARNED, J. The order, on its face, does not recite jurisdictional facts to authorize the County Court to act in the premises. (Code of Civil Pro., §§ 2204, 2212 ) Nor does the proof *aliunde* supply the jurisdictional facts necessary to sustain the order. (*Bullymore* v. *Cooper*, 2 Lans. 71 ; affirmed in 46 N. Y., 236.)

LANDON, J. (dissenting):

It is a sad state of things when a court can lawfully punish a sheriff because the court itself has done wrong. Let it be conceded that the proceedings were not in conformity with the Code, because the affidavit was not made the day the petition and schedule were presented to the court, but on the same day that the petition was made, still the attorney for this plaintiff was heard upon the preliminary application and upon the final order. So both orders recite. The plaintiff had her day in court to oppose the order of discharge. She did not object to the jurisdiction, she specified no statutory omission ; she opposed the discharge upon the merits, and upon the merits the discharge was made. A certified copy of the order was given to the sheriff. It recited this appearance of the plaintiff's attorney. It was made by a court having jurisdiction of the general subject of the person of the insolvent, and of this particular case. (*Develin* v. *Cooper*, 84 N. Y., 410.) The order was such as section 2212, Code Civil Procedure, commanded the sheriff to obey. It was regular on its face. The plaintiff, who upon the merits could make no case against the prisoner, ought not

to be heard in her unconscionable pursuit of the sheriff to urge a defect which, if made before the court at the first hearing, would have been immediately rectified, and which because not then made it is our duty to declare waived.

The judgment should be affirmed, with costs.

Judgment reversed, new trial granted, costs to abide event.